THE A. B. NEWBURY COMPANY, Inc.,

*v.*

GEORGE G. TENNANT, trustee in bankruptcy of The Rohdenburg Company, Inc., and Beachwood Service, Inc.

[Decided March 18th, 1921.]

The R. Co., after having agreed to build a bungalow for L. on land owned by the R. Co., went into bankruptcy, prior to which its managers and directors organized the B. Service, Inc., and induced L. to contract with it to build the bungalow, which it did. L. paid into the bankruptcy fund the balance due on the bungalow.—*Held*, that one having an unsatisfied judgment and execution against the B. Service, Inc., for materials used in the construction of the bungalow was entitled to the fund rather than the general creditors of the R. Co., that company having acquiesced in the construction of the bungalow on its land.

On pleadings and proofs.

*Mr. Maja Leon Berry,* for the complainant.

*Mr. Randolph Perkins* and *Mr. George G. Tennant,* for the defendant.

LEWIS, V. C.

This is a creditor's bill in aid of judgment and execution at law. *Iauch* v. *de Socarras, 56 N. J. Eq. 524.*

The facts are practically undisputed.

In the summer of 1917, The Rohdenburg Company agreed to build, for Jeptha H. Lanning, a bungalow, on property then owned by The Rohdenburg Company, at Beachwood, New Jersey. Lanning made a deposit on account, and work on the bungalow was to be commenced the following year. As part of the consideration of this agreement Lanning was to transfer to The Rohdenburg Company four lots that he then owned at Beachwood. Subsequently, The Rohdenburg Company went into voluntary bankruptcy in the United States district court for the district of New Jersey; and George G. Tennant was elected as the trustee in bankruptcy of that company.

It is not entirely clear from the evidence whether the bankruptcy proceedings were begun before or after the commencement of the construction of the bungalow, but it is certain, in any event, that not more than $25 to $50 worth of material had been furnished by The Rohdenburg Company for the use of the building when Camburn, the builder, started to work on it some time between the 1st and 5th of July, 1918. Meantime, Kearnin and Von Saal, who were the managers, directors and substantially the whole of The Rohdenburg Company, with one other person, whose name does not appear, organized a new corporation under the General Corporation act of New Jersey, called The Beachwood Service, Inc.

Prior to the commencement of the bankruptcy proceedings of The Rohdenburg Company, Kearnin and Von Saal, or one of them, represented to Lanning that The Rohdenburg Company was unable to carry out its agreement to construct the bungalow,

and induced Lanning to make a new contract for that purpose with The Beachwood Service, Inc. The bungalow originally planned and contracted to be erected by The Rohdenburg Company was then built for Lanning by The Beachwood Service, Inc.

After the appointment of Mr. Tennant as trustee in bankruptcy of The Rohdenburg Company these facts were made known to him. Thereupon Lanning filed a petition in the United States district court for the district of New Jersey, setting up that he was the owner of the four lots at Beachwood referred to; that he had made the contract mentioned with The Rohdenburg Company; that the company had since become bankrupt; that he had put his money into the bungalow, built by The Beachwood Service, Inc., on property which stood in the name of The Rohdenburg Company, and asked leave to pay into the bankruptcy fund the balance due, namely, $1,000; and that the trustee in bankruptcy be directed to convey to him the title to the lots on which the bungalow had been actualy built, and that he, in turn, convey to the trustee the four lots at Beachwood, which he had agreed to transfer to The Rohdenburg Company as part of the consideration of the original contract, the money to be paid to the trustee in bankruptcy for the benefit of whoever might be entitled thereto. This has been accomplished and the funds are in the hands of the trustee in bankruptcy, George G. Tennant, one of the defendants in the present suit.

The Newbury Company, the present complainant, furnished material to The Beachwood Service, Inc., which was used in the construction of the bungalow in question, and, failing to receive payment therefor, instituted an action at law and recovered judgment against The Beachwood Service, Inc., upon which execution was issued, but which remained wholly unsatisfied.

The amount actually paid to The Rohdenburg Company by Lanning, in addition to the transfer of his four Beachwood lots, to the trustee in bankruptcy, is asserted to be full value for The Rohdenburg Company's land; and it does not appear that any of that company's general creditors supplied anything of value that went into the bungalow property.

Complainant contends that, as a judgment creditor of Beach-

wood Service, Inc., it is entitled to follow the money paid by Lanning into the hands of the trustee in bankruptcy of The Rohdenburg Company and to have it applied in satisfaction of its judgment against The Beachwood Service, Inc., inasmuch as its material was used in the construction of the building which produced the value, now the subject-matter of the controversy, through the contract of The Beachwood Service, Inc.

The trustee in bankruptcy contends, however, that the fund so produced constitutes assets in his hands to be distributed among the general creditors of The Rohdenburg Company, on the technical theory that the bungalow having been built upon the lands of The Rohdenburg Company, became the property of that company, and that The Beachwood Service, Inc., had no right of any kind in the land of The Rohdenburg Company, or the bungalow built thereon, and argues that The Beachwood Service, Inc., is in the position of a mere volunteer who has erected a building on the land of another, without the owner's consent and acquiescence.

I am of the opinion that the complainant in this case should prevail, and that the funds involved should be applied in satisfaction of its judgment and execution at law against The Beachwood Service, Inc.

To hold otherwise would be to permit the general creditors of The Rohdenburg Company to appropriate the funds arising from the completion of the contract to construct the bungalow in question by The Beachwood Service, Inc., without having contributed in any way to its production, while the complainant, who furnished the material used in the construction of the building—and without which the fund would not have been produced—would go unpaid.

This would seem to me to be inequitable, particularly in view of the fact that The Rohdenburg Company, through Kearnin and Von Saal, who entirely controlled and directed its affairs, not only had full knowledge of what was being done, but actually brought it about, and must be taken to have acquiesced therein. *King* v. *Morris, 74 N. J. Law 810; Perkins* v. *Trinity Realty Co., 69 N. J. Eq. 723; affirmed, 71 N. J. Eq. 304; J. J. Mc-Caskill Co.* v. *United States, 216 U. S. 504; Linn, &c., Timber*

*Co.* v. *United States, 196 Fed. Rep. 593; Philadelphia Creamery Co.* v. *Davis, &c., Building Co., 77 Fed. Rep. 879.* See also *14 Corp. Jur. 59, 61.*

I shall advise a decree in accordance with these views.